**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6277**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMARIO COVINGTON, a/k/a Booger,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:11-cr-00417-JD-1)

_____

Submitted:  September 16, 2025           Decided:  September 22, 2025

_____

Before AGEE, THACKER, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Demario Covington, Appellant Pro Se.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Covington appeals the district court's order denying his second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Covington contended that a purported "gross disparity between his sentence and the sentence he would receive if sentenced today"; "family circumstances"; the "increase[d] . . . severity of his sentence" in light of the COVID-19 pandemic; and "his outstanding accomplishments while incarcerated and his robust reentry plan" constituted extraordinary and compelling circumstances warranting his release. The district court addressed several of Covington's arguments related to his allegedly disparate sentence and denied the motion. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." "In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant . . . a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*.

We review a district court's ruling on a compassionate release motion for abuse of discretion. *Id*. at 172. "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of

2

discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022) (citation modified). Additionally, while there is no "categorical . . . requirement" that a district court explicitly address a movant's arguments or elucidate its reasoning, the court errs if, in light of the particular circumstances of the case, its explanation is "[in]adequate to allow for meaningful appellate review." *United States v. High*, 997 F.3d 181, 187-89 (4th Cir 2021); *see Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case."). At bottom, the court "must set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *High*, 997 F.3d at 190 (citation modified).

Here, the district court's text order relied heavily on a prior August 2021 order denying Covington's first compassionate release motion. But Covington's second motion relied on different extraordinary and compelling circumstances, several of which the district court failed to address.* The court's order also did not mention the amended version of U.S. Sentencing Guidelines Manual § 1B1.13, p.s., which became effective on

---

* We have previously found it "significant" when the same district judge sentences a defendant and then subsequently denies compassionate release. *See Hargrove*, 30 F.4th at 200. This is so because where the sentencing judge also decides a defendant's § 3582(c)(1) motion, "[he] is presumed to have known of [the defendant's] circumstances—both favorable and unfavorable—and to have considered the totality of the record when ruling on [the] motion for compassionate release." *United States v. Centeno-Morales*, 90 F.4th 274, 281 (4th Cir. 2024). Here, the district judge who denied the instant motion was not the judge who sentenced Covington and denied his first compassionate release motion.

November 1, 2023, and thus was applicable when the court ruled on Covington's second motion in March 2024. *See United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

"Even if a district court abuses its discretion in assessing whether the defendant presents extraordinary and compelling reasons for release, this Court may still affirm if the district court's consideration of the § 3553(a) factors was sound." *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). Here, however, the court's order did not address its weighing of the § 3553(a) factors beyond observing that the sentencing judge found that the factors did not warrant a sentence reduction in August 2021. Accordingly, we can only speculate as to whether the court adequately and reasonably considered Covington's arguments and properly applied the governing law when denying Covington's second motion for compassionate release. Thus, although we express no views as to the merits of Covington's motion, we conclude that we are unable to meaningfully review the court's order. *See High*, 997 F.3d at 189.

We therefore vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4